U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA

**MAR 2 3 2007**

ROBERT H. SHEMWELL, CLERK
BY _____
          DEPUTY

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### ALEXANDRIA DIVISION

| | |
|---|---|
| GERALD L. CAMPBELL | DOCKET NO. 06-CV-1820, SEC.P |
| VERSUS | JUDGE DEE D. DRELL |
| U.S. DEPARTMENT OF JUSTICE, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

---

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. §1983) filed on October 16, 2006, by *pro se* plaintiff, Gerald L. Campbell. When his petition was filed, Plaintiff was incarcerated at the United States Penitentiary in Beaumont, Texas.

On November 28, 2006, Plaintiff's request to proceed *in forma pauperis* was granted, and a copy of that order was mailed to the plaintiff at the address he provided to the Court when his complaint was filed. [Doc. #9.] On December 4, 2006, the Order was returned to the Clerk by the United States Postal Service ("USPS") with a notation "I'm not here," as Plaintiff was no longer housed at that facility. [Doc. #10.]

## LAW AND ANALYSIS

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "For failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion

by a defendant.   <u>Link v. Wabash R.R.Co.</u>, 370 U.S. 626, 630-31 (1962).  "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." <u>McCullough v. Lynaugh</u>, 835 F.2d 1126, 1127 (5th Cir.1988). Further, Local Rule (LR) 41.3W provides in part, "The failure of an attorney or pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of thirty days."

Plaintiff's most recent filing was his IFP application on November 28, 2006. [Doc. #8]  More than thirty days have elapsed since the Order granting *in forma pauperis* status was returned to the Court, and Plaintiff has still not provide the Court with a current address.

CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's Civil Rights Complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b) and LR41.3W.

OBJECTIONS

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to

2

file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED at Alexandria, Louisiana, this 23 day of _____ March _____, 2007.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

3